# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARGARET A. WHALEN,**                                             **PLAINTIFF,**

**VS.**                                                     **CIVIL ACTION NO. 2:06CV94-P-A**

**THE KROGER COMPANY,**                                     **DEFENDANT.**

## MEMORANDUM OPINION

These matters come before the court upon Defendant's Motion for Summary Judgment [33] and Plaintiff's Motion to Strike and Exclude from Evidence the Affidavit of M. Leslie Davis and the Exhibits Attached Thereto [38]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

The plaintiff, Margaret A. Whalen, filed the instant action on May 30, 2006 seeking damages for negligence against The Kroger Company for a slip and fall that occurred on May 14, 2004 at Kroger store #453 in Horn Lake, Mississippi.

On May 14, 2004 it had been raining but had stopped by the time the plaintiff exited her car and walked through the parking lot to the subject Kroger store. Instead of walking through the entrance doors, she walked through the exit doors. The plaintiff alleges that when she went through the doors, she turned toward the shopping carts on the right and slipped and fell during her turn, that she did not see any rugs or caution signs at the exit doors, and that she believes water was on the

1

floor as evidenced by her statement that the back of her shirt was wet when placed on the stretcher by the ambulance personnel. Ultimately, the plaintiff argues that Kroger was negligent "in its failure to maintain said premises in a reasonably safe condition and manner and/or to warn the Plaintiff of the danger."

The defendant filed the instant motion for summary judgment on May 1, 2007 wherein they argue that the plaintiff has no evidence to create a genuine issue of material fact warranting a trial on her negligence claim. In support of this argument, the defendants point out that: (1) the plaintiff admits she has difficulties seeing without her glasses and that she was not wearing her glasses at the time of the incident; (2) the plaintiff knew that her feet were getting wet as she walked through the wet parking lot and therefore should have known to exercise due care; and (3) she walked through the exit doors instead of the entrance doors.

In her response, the plaintiff argues that although Kroger admits its policy requires that mats and caution signs be placed inside and out of both the entrance and exit doors, no one at Kroger has stated that this was done in this instance. Rather, the employees at issue state that they do not recall whether the mats and caution signs were placed.

The plaintiff also argues that she is entitled to a spoilation of evidence inference. She states that although Kroger admits that its policy requires that photos be taken of an accident scene, and it likewise admits that it took the pictures, Kroger avers that the photos were lost in the interoffice mail between the subject store and the Risk Management department.

Also before the court is the plaintiff's motion to strike and exclude evidence of defense counsel's affidavit submitted in support of the defendant's motion for summary judgment.

# I. DISCUSSION

## A. Summary Judgment Standards

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection*

*Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*. at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*. at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**2. Analysis**

Neither party disputes that it was raining on May 14, 2004. Neither party disputes that the parking lot was rainy, that people walking into entranceway likely had water on their shoes, and that bringing in grocery carts that had been outside in the rain could have brought water inside the entrance and exit doors.

The primary question at hand is "whether defendant was guilty of negligence which

4

contributed to plaintiff's injuries. Plaintiff must show more than a fall." *Wallace v. J.C. Penney, Co.*, 109 So.2d 876, 879 (Miss. 1959). In answering that question, it must be kept in mind that the owner or operator of business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition and, if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So.2d 293, 205 (Miss. 1988). Yet the owner or occupant is not an insurer against all injuries," *Kroger, Inc. v. Ware*, 512 So.2d 1281, 1282 (Miss. 1987), and "[t]he invitee is required to use in the interest of his own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstances."*General Tire & Rubber Co. v. Darnell*, 221 So.2d 104, 107 (Miss. 1969).

The instant matter presents a classic case of the need for credibility determinations – a function that is not properly exercised by the court in deciding upon motions for summary judgment. A key issue in this case, and therefore a genuine issue of material fact, is whether or not floor mats and caution signs were placed inside and outside the exit doors at the subject Kroger on May 14, 2004 at the time of the incident. The plaintiff alleges she saw no mats or signs, while the defendant maintains that it is their policy to place such mats and signs during inclement weather and they do not recall whether or not they placed them. It is for the jury to decide whom they believe given that a particular person's word is, after all, evidence that can be believed or disbelieved by the fact-finder.

The credibility question of whether or not caution signs and mats were used go directly to the question of whether Kroger exercised reasonable care, without regard to whether the plaintiff wore her glasses given that the defendant does not allege the plaintiff is blind. Therefore, the court concludes that after viewing the facts in a light most favorable to the non-movant, *i.e.*, the plaintiff,

5

there is a genuine issue of material fact as to whether the defendant exercised reasonable care, and whether the plaintiff herself exercised reasonable care as required by law.

The plaintiff also argues that she should be allowed the spoilation of evidence inference since the subject photos of the scene taken shortly after the scene were allegedly lost in the mail. With regard to spoilation of evidence, the Mississippi Supreme Court has held: "When evidence is lost or destroyed by one party (the "spoliator"), thus hindering the other party's ability to prove his case, a presumption is raised that the missing evidence would have been unfavorable to the party responsible for its loss." *Thomas v. Isle of Capri Casino*, 781 So.2d 125, 133-4 (Miss. 2001). Furthermore, the Court in *Thomas* recognized that the inference that the spoilation inference is available even if the spoilation was negligent, observing that:

> Requiring an innocent litigant to prove fraudulent intent on the part of the spoliator would result in placing too onerous a burden on the aggrieved party. To hold otherwise would encourage parties with weak cases to "inadvertently" lose particularly damning evidence and then manufacture "innocent" explanations for the loss. In this way, the spoliator could essentially destroy evidence and then require the innocent party to prove fraudulent intent before the destruction of the evidence could be used against it.

*Thomas*, 781 So.2d at 133.

The court concludes that the spoilation inference is available for the plaintiff subject to proof presented at trial.

### 3. Plaintiff's Motion to Strike

The plaintiff moves to strike and exclude from evidence the affidavit of M. Leslie Davis, defense counsel for Kroger, and the exhibits attached thereto which purports to have been prepared by Debbie Gauldin.

In defense counsel's affidavit, she avers that Gauldin was the claims specialist for the Kroger Company assigned to this case and she worked for Sedgewick CMS in Memphis, Tennessee. After April 23, 2007, however, the Kroger Company forwarded all its files to Iowa and they were therefore no longer handled in Memphis. Gauldin was thus unavailable to provide an affidavit. The affidavit also avers that Gauldin documented her follow-up regarding the photographs in her diary notes which state that she emailed Valerie Perkins, the Kroger employee in charge of the photographs, on May 19, 2004 and indicated that she needed the photographs. On June 8, 2004, Gauldin received a call from Kroger Manager Jerry Towers who stated that he called Perkins at home and she said that the photos were messed up by the film processing machine. On June 9, 2004 Perkins emailed Gauldin and said "the picture negatives were destroyed by the one hour photo machine."

Defense counsel also avers that pursuant to Uniform Local Rule 26.1(A)(1)(c), Kroger listed Gauldin's diary notes in its "Documents with Privilege Log," claiming this document "contained legal theories," "was prepared in anticipation of litigation and is protected by the attorney/client privilege."

The plaintiff in her motion to strike argues that the defendant is trying to rely on this information in support of its motion for summary judgment when the defendant failed to properly disclose the information until two months after the discovery deadline passed, knowing the plaintiff was questioning the retention of the photos, thereby rendering the plaintiff unable to depose Jerry Powers and Debbie Gauldin.

The court agrees that the M. Leslie Davis' affidavit and the exhibits thereto should be stricken pursuant to Fed. R. Civ. P. 37(c)(1) for failure to timely disclose.

## III. CONCLUSION

For the reasons discussed above, the court concludes that the defendant's motion for summary judgment should be denied and the plaintiff's motion to strike the affidavit of M. Leslie Davis and the exhibits thereto should be granted. Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 9, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE