# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MARGARET A. WHALEN,**                                                                           **PLAINTIFF,**

**VS.**                                                             **CIVIL ACTION NO. 2:06CV94-P-A**

**THE KROGER COMPANY,**                                                 **DEFENDANT.**

## ORDER

This matter comes before the court upon Defendant's motion *in limine* to exclude testimony regarding the plaintiff's carpal tunnel syndrome in her right hand [41-1]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The parties agree that medical expert testimony must be expressed in terms of reasonable medical probability, not mere possibility. *Kirk v. K-Mart Corporation*, 838 So.2d 1007, 1011 (Miss. App. 2003). The plaintiff is alleging that her carpal tunnel syndrome in her right hand was caused or aggravated when she broke her fall with her left hand.

When questioned by defense counsel regarding whether the fall caused her carpal tunnel syndrome, Dr. Craig Clark stated "I think what you could see is that it possibly aggravated her symptoms, but it certainly didn't cause it. You don't have a single event that causes carpal tunnel."

Dr. Timothy Krahn, who performed the plaintiff's initial surgery on her left shoulder, testified that all of his opinions were based on a reasonable degree of medical certainty, Dep. at 17:19-21. He testified with regard to the causal relationship between the fall and the numbness of her hand after her surgery: "I can only assume there is a good chance that the fall [,] then the onset of numbness in her hand [,] are related, but I can't say with 100 percent certainty." In response to plaintiff counsel's question "When you say there's a good chance [that there was a causal connection

1

between the carpal tunnel and the fall], is that more likely than not?" Dr. Krahn answered in pertinent part:

> I'm just saying the best I can say there is probably better than a 50 percent chance that she truly had no symptoms [before the fall], and again this is based solely on what she tells me, that she had no symptoms prior to the fall, and all of sudden a week or two later .... So if the patient is being honest – and I have no reason not to believe Mrs. Whalen because, again, she did everything I asked her to do – if she comes in a couple of weeks later and says her hand hurts, there's a very good chance she could have fallen and bruised the nerve, and yeah, it could be related to the fall.

Dep. at 23:4-19.

Having considered Dr. Clark and Dr. Krahn's deposition testimony, the court concludes that the defendant's motion *in limine* should be granted as to Dr. Clark, but should be denied as to Dr. Krahn's. Though Dr. Krahn could have been clearer in his statement about the level of certainty he has in concluding that the fall caused or aggravated the plaintiff's carpal tunnel syndrome, his deposition testimony as a whole regarding the question weighs in favor of expressing reasonably medical probability. *See Segar v. Garan, Inc.*, 388 So.2d 164, 166 (Miss. 1980) ( in the context of a worker's compensation claim wherein reasonable medical certainty is required by an expert witness, the Court observed: "The compensation process is not a game of 'say the magic word,' in which the rights of injured workers should stand or fall on whether a witness happens to choose a form of words prescribed by court or legislature. What counts is the real substance of what the witness intended to convey...."); *Dixie Contractors Inc. v. Ashmore*, 349 So.2d 532 (Miss. 1977); *Airtran, Inc. v. Byrd*, 953 So.2d 296 (Miss. App. 2007).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's motion *in limine* to exclude testimony regarding the plaintiff's carpal tunnel syndrome in her right hand [41-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The defendant's motion *in limine* should be granted as to Dr. Craig Clark's opinions regarding the plaintiff's carpal tunnel syndrome; whereas,

(2) The defendant's motion *in limine* should be denied as to Dr. Timothy Krahn's testimony regarding same.

**SO ORDERED** this the 10th day of July, A.D., 2007.

                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE